IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CARLOS LAGUNA, on behalf of himself and other persons similarly situated, known and unknown,** | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| **WEST LOOP AUTO SPA, INC. and ANTHONY VULA, individually,** | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Carlos Laguna, on behalf of himself and similarly situated individuals, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against West Loop Auto Spa, Inc., and Anthony Vula, individually (herein "Defendants"), state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.   This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff federal and state mandated minimum wages and overtime pay.  In addition, Defendants violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 *et seq.* ("IWPCA") by deducting a portion of Plaintiff's pay without his consent. (A copy of Plaintiff's consent form to act as representative plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.)

### JURISDICTION AND VENUE

2.   This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over

1

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Carlos Laguna resides and is domiciled in this judicial district.

5. Plaintiff Carlos Laguna is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Carlos Laguna handled goods that moved in interstate commerce and performed non-exempt work.

6. Defendant West Loop Auto Spa, Inc. is an Illinois corporation doing business within this judicial district. Defendant West Loop Auto Spa, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendant West Loop Auto Spa, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

8. Defendant Anthony Vula is the President and Secretary of West Loop Auto Spa, Inc.

9. Defendant Anthony Vula is involved in the day-to-day business operations of West Loop Auto Spa, Inc. Among other things, Defendant Anthony Vula has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to make decisions regarding employee compensation and capital expenditures.

10. Defendant Anthony Vula was Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11. Upon information and belief, Defendant Anthony Vula resides in and is domiciled within this judicial district.

## FACTUAL ALLEGATIONS

12. Defendants operate a car wash located at 850 West Washington Boulevard in Chicago, Illinois.

13. Plaintiff Carlos Laguna was paid $6.00 per hour.

14. Other similarly situated employees were also paid below the federal and Illinois minimum wage.

15. Plaintiff worked an average of 72 hours per week. He was scheduled for 6 days at 12 hours per day 8 a.m. to 8 p.m.

16. Other similarly situated employees also worked in excess of 40 hours per week.

17. Plaintiff was not paid overtime wages at a rate of one and one half times his regular rate for all hours worked over 40.

18. Other similarly situated employees were also denied overtime wages by Defendants.

19. Plaintiff and similarly situated employees were denied tips left by customers on credit cards.

20. Defendants' clients would tell Plaintiff and similarly situated employees that they had left a tip on the credit card, but Plaintiff and similarly situated employees were not given the tips left on credit cards.

21. Defendants employ a strategy of washing the cars of clients who park in a nearby parking lot.

22. Plaintiffs and similarly situated employees never receive tips for cars that were

parked in the parking lot.

23. Plaintiff missed work on Sunday, May 3, 2015.

24. Defendants made an unauthorized $20 deduction from Plaintiff's pay as punishment for missing work on May 3, 2015. Attached hereto as Exhibit B is Plaintiff's pay envelope with a notation stating a $20.00 reduction in pay for Plaintiff having missed a day of work.

25. Defendants paid Plaintiff and similarly situated in cash.

26. Defendants willfully disregarded the tip-credit requirements of the FLSA and IMWL by engaging in conduct including, but not limited to: (i) requiring tipped employees to perform duties outside their tipped occupation, such as cleaning and unclogging drains; (ii) failing to inform tipped employees that a portion of their wages would be paid in tips pursuant to the provisions of the tip-credit wage requirements of the FLSA; and (iii) retaining tips paid by customers for their own purposes.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Plaintiff on behalf of himself and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

27. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

28. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

29. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

30. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

32. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

33. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

34. Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

35. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

36. Other similarly situated employees have likewise performed non-exempt work for Defendants, but were also denied overtime wages for work performed in excess of 40 hours per week.

37. Department of Labor regulations, at 29 CFR Part 516, requires employers to maintain and preserve payroll or other records that reflect, for each employee, *inter alia*, the hours worked each workday and total hours worked each workweek; and in any workweek in which overtime compensation is due, the employee's regular hourly rate of pay, the total weekly straight-time wages and premium pay for overtime hours.

38. Defendants violated 29 CFR Part 516 by failing to keep and maintain accurate and complete time and pay records.

5

WHEREFORE, Plaintiff pray for a judgment against Defendants as follows:

A. The Court determine that this case may be maintained as a collective action;

B. A judgment in the amount of one and one-half times the Illinois minimum wage for all time Plaintiffs and similarly situated individuals worked in excess of 40 hours per week;

C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff Carlos Laguna only.)

Plaintiff hereby realleges and incorporates paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

39. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

40. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

41. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

42. During the course of his employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

43. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in

6

excess of 40 hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

44. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

45. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

46. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the Illinois mandated minimum wage rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Fair Labor Standards Act – Minimum Wages**
**(Plaintiffs on behalf of themselves and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 46 of this Complaint, as if fully set forth herein.

47. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff and similarly situated employees the federally mandated minimum wages for all time worked.

48. During the course of Plaintiff's employment with Defendants, Defendants failed

7

to compensate Plaintiff at the federally mandated minimum wage.

49. Plaintiff was entitled to be paid at least the federal minimum wage for all time worked.

50. Defendants' failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

51. Defendants willfully violated the FLSA by refusing to pay Plaintiff the federally mandated minimum wages for all hours they worked.

52. Plaintiff is entitled to recover unpaid minimum wages for three years prior to the filing of this suit because of Defendant's failure to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. The Court determine that this case may be maintained as a collective action;

B. A judgment in the amount of unpaid minimum wages for all hours that Plaintiff and similarly situated employees worked;

C. Liquidated damages in an amount equal to the amount of unpaid minimum wages for which Plaintiffs and similarly situated employees is found to be due and owing;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law – Minimum Wages**
**(Plaintiff Carlos Laguna only.)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 752 of this Complaint, as if fully set forth herein.

53. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiffs state-mandated minimum wages for all time Plaintiff worked.

8

54. During the course of his employment with Defendants, Plaintiff was not compensated at the Illinois minimum wage rate.

55. Plaintiff was entitled to be paid the Illinois minimum wage for all time worked.

56. Defendants failed to pay the Illinois minimum wage for all time worked.

57. Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

58. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
### (Plaintiff Carlos Laguna only.)

Plaintiff hereby realleges and incorporates paragraphs 1 through 58 of this Complaint, as if fully set forth herein.

59. This count arises from Defendants' violation of the IWPCA by taking an unlawful deduction from Plaintiff's pay in violation of the Illinois Wage Payment and Collection Act.

60. Plaintiff was deducted $20 from his pay for missing work on May 3, 2015.

61. Defendants' deduction of Plaintiff's pay was a violation of the IWPCA

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all amounts unlawfully deducted, as provided by the Illinois Wage Payment and Collection Act;

B. Prejudgment interest on the unlawful deductions in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Wage Payment and Collection Act; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 3, 2015     **CARLOS LAGUNA**

By: /s/Carlos G. Becerra
Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC # 6310896)
Becerra Law Group, LLC
122 South Michigan, Suite 1850
Chicago, Illinois 60603
Telephone: (312)753-6967
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com